September 11, 1979

**79-66    MEMORANDUM OPINION FOR THE ACTING ASSISTANT ATTORNEY GENERAL, CIVIL DIVISION**

**Merit Systems Protection Board—Litigating Authority (5 U.S.C. § 1205)**

This responds to Assistant Attorney General Babcock's May 10, 1979, request for our views concerning the scope of litigating authority given the Merit Systems Protection Board under the Civil Service Reform Act, § 202(a), 92 Stat. 1111, 5 U.S.C. § 1205(h) (Supp. II, 1978). The relevant portion of that subsection of the Act provides:

> Except as provided in section 518 of title 28, relating to litigation before the Supreme Court, attorneys designated by the Chairman of the Board may appear for the Board, and represent the Board, in any civil action brought in connection with any function carried out by the Board pursuant to this title or as otherwise authorized by law.

We are asked whether that subsection, despite its broad language, might properly be interpreted to allow the Board to represent itself only where the Board takes a legal position in litigation adverse to that of another Federal agency. We have reviewed the statute and its legislative history and conclude that the provision granting litigating authority to the Board must be read more expansively, in accordance with its plain meaning.

The congressional grant of litigating authority to the Board had its origins in § 202(a) of the Senate bill, S. 2640. The House bill, H. 11280, contained no comparable provision. The only discussion of the litigating authority provision that we have found in the reports and floor debates on the Reform Act appears in the report of the Senate Governmental Affairs Committee, S. Rept. No. 969, 95th Cong., 2d sess. (1978). That report states that:

> [t]he Board is to be represented by its own attorneys whenever the Board is a party to any proceeding in court, except that the Board is to be represented by the Solicitor General of the United

States in any proceeding before the Supreme Court. This will include instances where the Board is involved in court proceedings under any provision of this title, including defending disciplinary actions * * * intervening in appellate proceedings * * * or any enforcement actions * * *. [*Id.,* at 31.]

That history provides no readily apparent basis for interpreting the words of § 202(a) more restrictively than they appear on their face.

The report adds, moreover, that the statutory grant of litigating authority to the Board is consistent with similar provisions adopted for independent commissions such as the Federal Energy Regulatory Commission (FERC). In the conference report on the Energy Organization Act, Pub. L. No. 95-91 91 Stat. 565, which established the FERC, the litigating authority given that body was explained as follows:

The Senate bill provided that the Board may appoint its own attorneys to represent itself in any civil action, except in the case of litigation before the Supreme Court * * * .

The comparable House provision stated that the litigation by the Commission shall not be subject to the supervision of the Attorney General * * * . It provided no exception in the case of litigation before the Supreme Court * * * .

The conferees adopted the Senate provision. The conferees do not contemplate that this authority will be employed to litigate independently of the Department of Justice in cases arising under administrative statutes that apply government wide, such as the Freedom of Information Act or the Privacy Act of 1974. [H. Conf. Rept. 539, 95th Cong., 1st sess. 72 (1977).]

This explanation of a litigating authority provision nearly identical to that of the Board indicates fairly clearly that Congress did not intend to limit the grant of authority to situations in which Federal agencies take inconsistent legal views.*

A grant of broad litigating authority to the Board is consistent generally with the structure contemplated for this entity by Congress in the Reform Act. The Civil Service Commission was divided into two separate agencies, the Office of Personnel Management and the Merit Systems Protection Board. While the senior officials of OPM, like their predecessors with the Commission, serve at the pleasure of the President, the members of the Board were given an extra degree of independence from the President. Those members may only be removed for cause. 5 U.S.C. § 1202(d) (Supp. II, 1978). This kind of statutorily created independence is common where

---

*We wish to add a cautionary note with respect to the last sentence of that FERC history. The suggestion that an agency granted broad litigating powers must nonetheless turn to the Department of Justice for representation on matters arising under statutes applicable Government-wide is an unusual one, and one that we have not considered previously. In quoting the FERC history we therefore do not mean to express any view as to the import of the sentence.

an agency is charged with the performance of quasi-judicial functions. *See, Myers* v. *United States,* 272 U.S. 52 (1926); *Humphrey's Executor* v. *United States,* 295 U.S. 602 (1935). It is likewise common for such entities to exercise independent litigating authority—*e.g.,* 15 U.S.C. § 56 (litigation by the Federal Trade Commission). Nothing in the language or history of the statute establishing this particular Board suggests that Congress intended a different arrangement here.

Thus, since the language of § 202(a) is clear and its legislative history supplies no evidence that Congress understood that language to have other than its plain meaning, we believe that the provision should be interpreted literally. We conclude, as provided in that subsection, that the Chairman of the Merit Systems Protection Board may designate attorneys to represent the Board in any civil action brought in connection with Board functions or as otherwise authorized by law. Of course, should questions concerning the scope of the Board's litigating authority arise in the contest of specific litigation, we would be happy to look into those questions for you.

LARRY A. HAMMOND
*Deputy Assistant Attorney General*
*Office of Legal Counsel*